H. A. Brooks et al., Appellants, v. Sylvester Brierton, Appellee.

Gen. No. 5,041.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. EVIDENCE—*when unresponsive answer not ground for reversal.* An answer not responsive to a question, however improper such answer may in fact be, cannot be successfully urged as error where no motion was made to strike it out.

Assumpsit. Appeal from the County Court of Lee county; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in this court at the April term, 1908. Affirmed. Opinion filed August 10, 1908.

JOHN P. DEVINE, for appellants.

JOHN E. ERWIN and JOHN S. DORNBLASER, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action in assumpsit brought by H. A. and C. C. Brooks, lawyers and co-partners, in the County Court of Lee county, against Sylvester Brierton, to recover on the *quantum meruit* for legal services alleged to have been rendered Brierton. The declaration contained the common counts. The plea was *non assumpsit*. The trial was on the issue tendered by the plea and the verdict was for appellee. A motion for a new trial was denied. Judgment was

entered on the verdict, and for costs against the plaintiffs, and they appeal.

From the evidence, it appears that appellants were employed by appellee to adjust certain difficulties between himself and one Price, arising out of a purchase of land in Arkansas. In 1905, appellee bought a farm of Price, and paid for it $10,900. In the summer of 1906, he concluded he had been defrauded by Price and his agents. Later, a settlement was agreed upon through another party, which failed. Afterwards, appellant, H. A. Brooks, induced Albert Brierton, a son of appellee, to bring his father to appellants' office, where, as appellee and his son testified, Brooks offered to get the money back for $25. This Brooks denied, and testified that he was first employed by appellee to investigate the facts and determine whether or not Price and his agents could be prosecuted criminally, and for such services he was to be paid $25; that he investigated the case, and told appellee that the crime was committed in Arkansas and that the prosecution would have to be in that state, and that then appellee employed him to recover the money paid for the farm, which he undertook to do, with the understanding that his charge would be satisfactory. Appellee and his son denied that they sought to prosecute Price and his agents criminally. Appellant, H. A. Brooks, had some correspondence with Price, and some conference with his agent at Dixon, and a verbal offer was made by Price to settle with appellee. Later, the relation of the parties was severed, and the Brooks settlement was never consummated. Appellee employed other lawyers who partially carried through a settlement, somewhat more advantageous to appellee. Appellants contend that appellee abandoned the arrangement without cause or notice. Appellee claims that appellant, H. A. Brooks, became angry because appellee wanted a certain notary to take an affidavit he thought they might need, and threw up the case on that account. The evidence was sharply conflicting as to the terms of appel-

lants' employment, what compensation they were to receive, how the relation of client and attorney was terminated, and who was blamable therefor.   These were all questions of fact, upon which a verdict for appellee, approved by the trial court, who saw and heard the witnesses, must stand, unless it is clearly apparent that it is against the weight of the evidence or that there was some material error in the admission or exclusion of evidence, or in the instructions given to the jury.

It is not argued that the jury were erroneously instructed or that there was any error in the ruling of the court except in the admission of hearsay evidence contained in an unresponsive answer.   The record discloses that appellee was asked to state what took place between him and appellant, H. A. Brooks, and he related over appellants' objection a conversation between himself and his son Albert, concerning a conversation which his son Albert had had with said Brooks in the absence of appellants.   This answer was not responsive and was hearsay, but appellants' objection thereto was general and no motion was made to strike out such unresponsive answer.   An answer not responsive to the question cannot be successfully urged as error, however improper such answer may in fact be, where no motion was made to strike it out.   City of Chicago v. Didier, 131 Ill. App. 406.   Moreover, in this same answer, appellee related a conversation he had with appellant, H. A. Brooks, in which Brooks told appellee the same thing which his son Albert had said that Brooks told him in the conversation related in the unresponsive part of the answer.   As the conversation between appellee and appellant, H. A. Brooks, was in the same language as the one between appellee's son Albert, and said Brooks, related by appellee in the first part of his answer, we think no serious harm was done thereby.

The judgment is therefore affirmed.

*Affirmed.*